UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re                                                              Chapter 11

    Bay Condos LLC,                                  Case no.  11-15844

                      Debtor.
----------------------------------------------------------x

## NOTICE OF HEARING

       PLEASE TAKE NOTICE, a hearing will be held on October 3, 2012 at 10:00 a.m. (the "Hearing") before the Honorable James M. Peck, at the United States Bankruptcy Court, One Bowling Green, New York, New York 10004 (a) to consider the annexed application ("Application") of 11 East 36 Note Buyer LLC ("Proponent") in the Bay Condos LLC,, (the "Debtor") Chapter 11 case, for the entry of an order substantially in the form annexed hereto, approving the Proponent's Disclosure Statement under Section 1125 of the Bankruptcy Code and approving the sale procedures annexed to the Plan pursuant to section 1123 and 363 of the Bankruptcy Code.

       PLEASE TAKE FURTHER NOTICE, that a copy of the Disclosure Statement is filed with the Clerk of the Bankruptcy Court and may be obtained through the Bankruptcy Court's ECF/PACER electronic filing system, or upon request made to the undersigned.

       PLEASE TAKE FURTHER NOTICE, that objections, if any, must be in writing, served upon the undersigned proposed Proponent's counsel, and filed with the Clerk of the Bankruptcy Court, with a courtesy copy to the Judge Peck's chambers, so as to be received at least seven (7) days prior to the Hearing date.

Dated: New York, New York
       August 8, 2012

                                                    BACKENROTH FRANKEL & KRINSKY, LLP

                              By:    s/ Mark Frankel
                                     489 Fifth Avenue
                                     New York, New York  10017
                                     (212) 593-1100

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re                                                          Chapter 11

    Bay Condos LLC,                                      Case No.  11-15844

               Debtor.
-----------------------------------------------------------x

**MOTION FOR ORDER APPROVING DISCLSOURE STATEMENT AND SALE PROCEDURES**

        11 East 36 Note Buyer LLC (the "Proponent" or the "Mortgagee"), as and for its motion ("Motion") pursuant to sections 105(a), 363, 365 and 1125 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order (a) approving the Proponent's Disclosure Statement for Bay Condos LLC,, (the "Debtor") and (b) approving sale procedures (the "Sale Procedures") in connection with the sale of the Debtor's 97.2% interest in commercial units 101 and 102 (the "Property") at the real property located at 11 East 36th Street, New York, New York pursuant to the Proponent's Plan of Reorganization, respectfully represents as follows: , respectfully represents as follows:

**BACKGROUND**

    1.    On December 22, 2011, the Debtor filed a Chapter 11 petition under Title 11 of the United States Code, 11 U.S.C. "101 et seq. (the "Bankruptcy Code").

    2.    The Debtor owns a 97.2% interest in commercial units 101 and 102 (the "Units") at the real property located at 11 East 36th Street, New York, New York.  The value of the Property according to the Debtor is $4,450,000.

1

3. The Property does not appear to be encumbered by real estate tax, water, sewer or related liens.

4. As of April 27, 2012, the Proponent asserts a first mortgage claim in the amount of approximately $12,331,408 against the Units. Based upon the Debtor's estimated $4,450,000 value of the Units, the Mortgagee is under-secured in the amount of $7,881,408 which would constitute a general unsecured claim in this case. In addition, Griffon V LLC, an affiliate of the Mortgagee asserts a $2,968,557 general unsecured claim. The only other general unsecured creditor appears to be the Condominium Association for the Property which asserts a $45,679 claim for unpaid common charges..

5. The Debtor's general unsecured claims, total approximately $10,895,644.

6. The origin of the Debtor's financial problems is unclear, and the Mortgagee is not in position to speculate as to why the Debtor has not paid the amounts due to its creditors.

7. Since the Debtor has elected to file a petition in the Bankruptcy Court, the Proponent submits that the most expedient means by which to solve the Debtor's problems is through confirmation of a Chapter 11 plan. Accordingly, the Proponent proposes to sell the Debtor's Property under a plan of reorganization, and to create fund for the payment of creditor claims that is estimated to be sufficient to pay all creditors in full in cash with interest at the Legal Rate.

8. By this Motion, the Proponent seeks approval of its disclosure statement and of the auction procedures annexed as Exhibit B to the Plan so that a sale of the Property can be approved at the confirmation hearing and consummated shortly thereafter.

## AUCTION PROCEDURES

9. The Auction procedures are as follows:

<u>Time and Place of Sale</u>:  The Sale will be held on _____, 2012 at ____ __ m. in Judge Peck's courtroom at the United States Bankruptcy Court, One Bowling Green, New York.

<u>Sale Pursuant to Chapter 11 Plan</u>:  The Seller of the Property is the Debtor.  The sale shall be conducted pursuant to Bankruptcy Code section 363 and the Proponent's Chapter 11 Plan of Reorganization (the "Plan").

<u>Sale free and Clear of Liens</u>:  The Sale of the Property shall be conducted pursuant to the Debtors' Plan of Reorganization free and clear of liens, claims commercial leases not assumed under the Plan, and encumbrances, with any such liens, claims and encumbrances to attach to the sale proceeds, and disbursed under the Plan.

<u>Qualification to Bid</u>:  In order to be qualified to bid on the Property, within seven days prior to the commencement of the Sale, each prospective bidder, except the Proponent's designee must deliver to the Proponent (a) a bank check in the amount of _____Dollars ($_____) (the "Qualifying Deposit") payable to "Backenroth Frankel & Krinsky, LLC, as Attorneys," (b) evidence reasonably demonstrating such bidder's ability to consummate a sale on the terms proposed, and (c) a written offer to purchase substantially in the form

3

annexed hereto. No later than one business day before the Sale, each bidder will be notified by the Proponent as to whether the Proponent deems such bidder qualified to bid at the Sale.

<u>Bidding</u>: Bidding shall be conducted openly at the Sale in the Bankruptcy Court. The opening bid shall be $_____. Minimum bidding increments shall be $25,000.

<u>Successful Bidder Additional Deposit</u>: At the Sale, once a bidder is determined to have made the highest or best bid for the Property at the sale (the "Successful Bidder"), bidding shall be deemed closed and no additional bids will be considered. Within one business day after the Successful Bidder is determined, the Successful Bidder (except the Proponent's nominee) shall be required to increase the Qualifying Deposit to an amount equal to ten percent of the winning bid, which amount shall serve as a good faith deposit against payment of the purchase price. At the conclusion of the Sale, the Proponent's counsel will return the Qualifying Deposits to all other bidders.

<u>Hearing if Disputed Sale</u>: In the event that an issue exists as to which competing bid is higher or better, a hearing will be conducted by the Bankruptcy Court on that issue at the conclusion of the Sale.

<u>Sale Approval Order</u>: the Confirmation Order confirming the Proponent's Plan shall approve the Sale, and in connection therewith, the Confirmation Order shall contain the following findings of fact and conclusions of law: (a) that the terms and conditions of the sale are fair and reasonable, (b) that the sale, and the purchaser's purchase, of the Property pursuant to the Plan, is non-collusive, fair and reasonable and was conducted openly and in good faith, (c) that the transfer of the Property to the purchaser represents an arm's-length transaction and was negotiated in good faith between the parties, (d) that the purchaser, as transferee of the Property, is a good faith

4

purchaser under Bankruptcy Code § 363(m) and, as such, is entitled to the full protection of Bankruptcy Code § 363(m), (e) the sale of the Property to the purchaser was not controlled by an agreement among potential purchasers, (f) that no cause of action exists against the Purchaser or with respect to the sale of the Property to the purchaser under Bankruptcy Code § 363(n), and (g) that any claims under Bankruptcy Code § 363(n) or any other claims as against the Purchaser are released, waived and discharged.

Closing:  The Successful Bidder must pay the balance of the Purchase Price for the Property (the difference between the amount of the successful bid and the Qualifying Deposit) to the Debtor, by bank check, or wire transfer at the closing of title to the Property (the "Closing").  The Successful Bidder must close title to the Property at a date that is no more than fifteen (15) days after the Order by the Bankruptcy Court approving the Sale becomes final and non-appealable, TIME BEING OF THE ESSENCE as to the Successful Bidder, although such date may be extended solely by the Proponent.

Transfer Tax:  Under the Plan, pursuant to section 1146(c) Bankruptcy Code, (a) the issuance, transfer or exchange of any securities, instruments or documents, (b) the creation of any other Lien, mortgage, deed of trust or other security interest, (c) the making or assignment of any lease or sublease or the making or delivery of any deed or other instrument of transfer under, pursuant to, in furtherance of, or in connection with, the Plan, including, without limitation, any deeds, bills of sale or assignments executed in connection with the purchase of the Property by the purchaser and any other transaction contemplated under the Plan or the re-vesting, transfer or sale of any real or personal property of the Debtor pursuant to, in implementation of, or as contemplated in the Plan, and (d) the issuance, renewal, modification or securing of indebtedness by such means, and the making, delivery or recording of any deed or other instrument of transfer

5

under, in furtherance of, or in connection with, the Plan, including, without limitation, the Confirmation Order, shall not be subject any applicable document recording tax, stamp tax, conveyance fee or other similar tax, mortgage tax, real estate transfer tax, or other similar tax or governmental assessment including without limitation New York City Real Property Transfer Tax and New York State Documentary Tax.

Damages for Failure to Close:  Time is of the Essence as Against the Successful Bidder and the failure of the Successful Bidder to timely pay the additional qualifying deposit or to timely close for any reason whatsoever (except as otherwise provided below) including its failure to pay the balance of the Purchase Price on the Closing Date, will result in the Proponent retaining the deposit as liquidated damages and the termination of the Successful Bidder's right to acquire the Property under these Terms and Conditions of Sale.  The Successful Bidder shall be obligated to close title to the Property and there is no contingency of any kind or nature that will permit the Successful Bidder to cancel or avoid its obligation under these Terms and Conditions of Sale other than the Debtor's inability to deliver a quit claim deed to the Property.  Expenses incurred by the Successful Bidder, or any competing bidder relating to any due diligence, such as obtaining title reports or environmental inspections, shall be the sole responsibility of such bidder, and under no circumstances shall the Proponent, the Proponent's counsel, the Debtor or the Debtor's professionals be responsible for, or pay, such expenses.

Backup Bidder:  In the event that the Successful Bidder for the Property fails to tender the payment of the balance of the Purchase Price on the Closing Date, or otherwise perform any of its obligations under these terms and conditions of sale, the Proponent, at its sole option, shall be authorized to sell the Property to the Second Highest Bidder without any further notice without giving credit for the Deposit forfeited by the Successful Bidder, and upon such other terms and

6

conditions as the Proponent deems appropriate. Should the Second Highest Bidder fail to close on the Property, within such time as the parties may agree but not to exceed thirty (30) days after notice from the Proponent to the Second Highest Bidder, the Proponent shall be authorized to sell the Property to the next highest or best bidder, without the necessity of any further notice. All bidders will be bound by these Terms and Conditions of Sale, including, without limitation, those items set forth in the paragraphs above, except that the Second Highest Bidder must close within thirty (30) days of notification that such bid is accepted. TIME IS OF THE ESSENCE.

No Representations:  the Proponent, the Proponent's professionals, the Debtor and the Debtor's professionals have not made and do not make any representations as to the physical condition, rents, leases, expenses, operations, value of the land or buildings thereon, or any other matter or thing affecting or related to the Property or the Sale, which might be pertinent to the purchase of the Property, including, without limitation, (i) the current or future real estate tax liability, assessment or valuation of the Property; (ii) the potential qualification of the Property for any and all benefits conferred by or available under federal, state or municipal laws, whether for subsidies, special real estate tax treatment, insurance, mortgages, or any other benefits, whether similar or dissimilar to those enumerated; (iii) the compliance or non-compliance of the Property, in its current or any future state, with applicable present or future zoning ordinances or other land use law or regulation, or the ability to obtain a change in the zoning or use, or a variance in respect to the Property; (iv) the availability of any financing for the purchase, alteration, rehabilitation or operation of the Property from any source, including, but not limited to, any state, city or federal government or institutional lender; (v) the current or future use of the Property; (vi) the present and future condition and operating state of any and all machinery or equipment on the Property and the present or future structural and physical condition of any

7

building thereon or its suitability for rehabilitation or renovation; (vii) the ownership or state of title of any personal property on the Property; (viii) the presence or absence of any laws, ordinances, rule or regulations issued by any governmental authority, agency or board and any violations thereof; (ix) any present or future issues concerning subdivision or non-subdivision of the Property; or (x) the compliance or non-compliance with environmental laws and the presence or absence of underground fuel storage tanks, any asbestos or other hazardous materials anywhere on the Property.  Each bidder shall be deemed to have agreed and acknowledged that no such representations have been made.  Neither the Proponent nor the Debtor shall be liable or bound in any manner by expressed or implied warranties, guaranties, promises, statements, representations or information pertaining to the Property, made or furnished by the Proponent or the Debtor or any real estate broker agent, employee, servant or other person or professional representing or purporting to represent the Proponent or the Debtor unless such warranties, guaranties, promises, statements, representations or information are expressly and specifically set forth in writing by the Proponent.

As Is Sale: The Property is being sold free and clear of all liens claims, commercial leases not assumed under the Plan, and encumbrances, with any such liens, claims and encumbrances to attach to the net proceeds of sale after deduction of any expenses of sale.  Furthermore, the Property is being sold "AS IS", "WHERE IS" "WITH ALL FAULTS", without any representations, covenants, guarantees or warranties of any kind or nature whatsoever and subject to, among other things, (a) any state of facts that an accurate survey may show; (b) any covenants, restrictions and easements of record; (c) any state of facts a physical inspection may show; (d) any building or zoning ordinances or other applicable municipal regulations and violations thereof; and (e) environmental conditions.  By delivering their respective Qualifying

8

Deposits, each bidder is deemed to have acknowledged that it has had the opportunity to review and inspect the Property, the state of title thereof and laws, rules and regulations applicable thereto, and will rely solely thereon and on its own independent investigations and inspections of the Property in making its bid.  Neither the Proponent nor the Debtor nor any of their representatives make any representations or warrantees with respect to the permissible uses of the Property, including but not limited to, the zoning of the Property.  All bidders are deemed to have acknowledged that they have conducted their own due diligence in connection with the Property, and are not relying on any information provided by the Proponent, Debtor, or their professionals.

Deed:  the Debtor or the Proponent on the Debtor's behalf shall convey the Property by delivery of a quit claim deed.

Broker:  the Proponent and the Debtor and their counsel are not liable or responsible for the payment of fees of any broker.

Conduct of Sale: these Terms and Conditions of Sale will be read into the record, or specifically incorporated by reference, at the Sale of the Property.  By making a bid for the Property, all bidders will be required to acknowledge these Terms and Conditions of Sale and agree to be bound by them.

Failure to Close:  If the Debtor or the Proponent on the Debtor's behalf is unable to deliver title to the Property in accordance with these Terms and Conditions of Sale for any reason whatsoever or in the event that the Bankruptcy Court does not confirm the Chapter 11 plan or approve the sale of the Property pursuant to Section 363 of the Bankruptcy Code, the Proponent and the Debtor's only obligation will be to refund the Deposit, together with any interest earned

9

thereon, if any, to the Successful Bidder, and upon such refund, the Successful Bidder will have no claim or recourse against the Proponent, the Debtor or their professionals.

Right to Withdraw Sale:  the Proponent reserves its right to withdraw the Property from the Sale, either prior or subsequent to the Sale, for any reasonable reason, as the Proponent deems necessary or appropriate.

Plan Confirmation:  The Sale of the Property is subject to confirmation of the Proponent's Plan and approval by the Bankruptcy Court.

Breakup Fee: None

Bankruptcy Court Jurisdiction:  The Bankruptcy Court shall determine any disputes concerning the Sale of the Property.  By participating in the Sale, all bidders consent to the jurisdiction of the Bankruptcy Court to determine such disputes.

## BASIS FOR RELIEF REQUESTED

The Proposed Sale is Being Conducted as Part of the Debtor's Plan

10.    Bankruptcy Code section 1123(b)(4) specifically provides for the sale of a debtor's property under a Chapter 11 Plan.

11.    Under Bankruptcy Code section 363(f), a debtor-in-possession may sell property free and clear of any interest in such property of an entity other than the estate only if, among other things:  (a) applicable nonbankruptcy law permits sale of such property free and clear of such interest; (b) such entity consents; (c) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property; (d)

such interest is in bona fide dispute; or (e) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

12. Since Bankruptcy Code section 363(f) is drafted in the disjunctive, satisfaction of any one of its five (5) requirements will suffice to permit the sale of the Property "free and clear" of Liens and Interests. *See In re Dundee Equity Corp.*, 1992 WL 53743, at *12 (Bankr. S.D.N.Y. Mar. 6, 1992) ("Section 363(f) is in the disjunctive, such that the sale free of the interest concerned may occur if any one of the conditions of § 363(f) have been met."); *Accord In re Bygaph, Inc.*, 56 B.R. 596, 606 n.8 (Bankr. S.D.N.Y. 1986); *In re Wolverine Radio Co.*, 930 F.2d 1132, 1147 fn.24 (6th Cir. 1991).

13. In this case, the lien and interest holders will be adequately protected, because their liens and/or interests will attach to the net proceeds of the Sale, subject to any claims and defenses the Debtor may possess with respect thereto.

14. Accordingly, the sale should be approved under Bankruptcy Code sections 1123(b)(5) and 363(f) pursuant to the Proponent's Chapter 11 Plan.

## **NOTICE**

15. Notice of the Motion has been given to lien holders, all creditors and parties, if any, having filed a notice of appearance. The Proponent respectfully submits that such notice is sufficient, and request that this Court find that no further notice of the relief requested herein is required.

## **NO PRIOR REQUEST**

16. No prior request for the relief requested herein has been made to this or any other Court.

## **CONCLUSION**

WHEREFORE, the Proponent respectfully requests that the Bankruptcy Court enter an order, substantially in the form annexed hereto, granting the relief requested in this Motion and such other and further relief as may be just and proper.

Dated: New York, New York
August 8, 2012

                                       BACKENROTH FRANKEL & KRINSKY, LLP
                                       Attorneys for the Proponent

                          By:    <u>s/Mark A. Frankel</u>
                                  489 Fifth Avenue
                                  New York, New York 10017
                                  (212) 593-1100

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re                                                                              Chapter 11

       Bay Condos LLC,                                   Case no.  11-15844

                                     Debtor.
----------------------------------------------------------x

**ORDER APPROVING DISCLOSURE STATEMENT AND FIXING TIME FOR ACCEPTANCES OR REJECTIONS OF PLAN, COMBINED WITH NOTICE THEREOF**

        A Disclosure Statement ("Disclosure Statement") under chapter 11 of the Bankruptcy Code having been filed by 11 East 36 Note Buyer LLC ("Proponent") in the case of the above captioned debtor (the "Debtor") on August ____, 2012, referring to a Plan of Reorganization filed by the Proponent on August ___, 2012 ("Plan"); and it having been determined after hearing on notice that the Disclosure Statement contains adequate information;

        IT IS ORDERED, and notice is hereby given that:

        A.    The Disclosure Statement is approved.

        B.    _____ ___, 2012 at 5:00 p.m. is fixed as the last day for submitting written acceptances or rejections to the Plan referred to above, and ballots indicating acceptance or rejection of the Plan must be received by Backenroth Frankel & Krinsky, LLP, at its offices located at 489 Fifth Avenue, New York, New York 10017, on or before _____, 2011 at 5:00 p.m., in order to be counted with regard to acceptance or rejection of the Plan.

        C.    Within __ days after entry of this order, the Plan, the Disclosure Statement, and a ballot conforming to Official Form 14, shall be mailed to creditors, equity security holders and other parties in interest, and shall be transmitted to the United States Trustee as provided in Fed. R. Bankr. P. 3017(d).

        D.    _____, 2012, at 10:00 a.m., or as soon thereafter as counsel may heard, is fixed for the hearing on confirmation of the Plan (the "Hearing"), before the Honorable James M. Peck, at the United States Bankruptcy Court, One Bowling Green, New York, New York 10004.

        E.    The Sale Procedures annexed the Plan as Exhibit A be, and they hereby are, approved.

        F.    The Proponent be, and it hereby is, authorized to sell the Property by conducting an auction at the Hearing in accordance with the Sale Procedures.

1

   G. _____, 2012 is fixed as the last day for filing and serving written objections to the sale and to confirmation of the Plan pursuant to Fed. R. Bankr. p. 3020(b)(1), which objections must be filed, served and received by the Debtor's attorneys and the Clerk of Court, with a courtesy copy to Judge Peck's chambers, at the United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004.

   H. The Proponent shall publish the Notice of Sale annexed to the Sale Procedures in a newspaper of general circulation at least twice, at least two weeks before the Confirmation Hearing.

   I. This Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

Dated: New York, New York
    _____, 2012

           _____
           UNITED STATES BANKRUPTCY JUDGE

2